UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID R. TOWNSEND**<br>    **REG. # 48480-019** | : | **DOCKET NO. 18-cv-0842**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JOEL ALEXANDRE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a complaint [doc. 1] filed by pro se plaintiff David R. Townsend under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971). Townsend is an inmate in the custody of the Bureau of Prisons and complains about medical care he received at the Federal Correctional Institute at Oakdale, Louisiana.

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, on the other hand, provides a limited waiver of the federal government's sovereign immunity. Under this waiver the government consents to be sued for injury caused by the negligent act or omission of a government employee

acting within the scope of his employment, under circumstances in which a private employer would also be liable. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006).

Townsend provides that he is suing BOP employees, individually and in their official capacities, for damages based on the alleged constitutional deprivations resulting from the medical care that he received at FCIO. Doc. 1. However, he also indicates that he filed a tort claim – apparently meaning the administrative remedy a plaintiff must exhaust before filing suit under the FTCA – based on his care on June 2, 2017, and that this claim was rejected on February 28, 2018. *Id.* at 17. He does not indicate whether he pursued his administrative remedies through the BOP, as required to exhaust a *Bivens* claim under the Prison Litigation Reform Act. *Id.* at 6; *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017).

Therefore, it is unclear whether Townsend actually intends to bring this suit under *Bivens* or the FTCA. To the extent that he wishes to file suit under the FTCA, he should name the United States as proper defendant in this matter and should recognize that his claims may fall short of the deliberate indifference standard imposed under the Eighth Amendment. To the extent that he does intent to proceed under *Bivens*, he should amend his complaint to provide clear information supporting deliberate indifference to serious medical needs on the part of each named defendant. He also has the option of raising claims in both categories.

Whatever his choice, Townsend must amend his complaint within 30 days and clarify what kind(s) of claims he is raising. Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Townsend at his last address on file.

**IT IS ORDERED** that Townsend amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962).

Townsend is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE