UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAVID R. TOWNSEND** : **DOCKET NO. 2:18-cv-0842**
     **REG. # 48480-019**

**VERSUS** : **JUDGE SUMMERHAYS**

**JOEL ALEXANDRE, ET AL.** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Mary Thomas and Lisa Soileau. Doc. 33. The motion relates to the pro se civil rights complaint filed by Townsend, an inmate in the custody of the Bureau of Prisons, and relating to his medical care at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). The motion is opposed and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

I.
BACKGROUND

Townsend brings this suit against Joel Alexandre, Mary Thomas, Lisa Soileau, and unidentified BOP health services staff under *Bivens v. Six Unknown Agents*, 91 S.Ct. 1999 (1971). Doc. 11. He alleges that these providers' deliberate indifference to his serious medial needs resulted in his Hepatitis C going untreated for years and progressing to serious complications. *Id.* Specifically, he alleges: he was diagnosed with Hepatitis C on September 7, 2010, while incarcerated at the Federal Correctional Institution at Forrest City, Arkansas. Doc. 11, p. 3. He was transferred to FCIO in November 2013, where Mary Thomas, a family nurse practitioner, was

assigned to be his health care provider. *Id.* at 3–4. FCIO physician Joel Alexandre also "reviewed [his] medical records and interviewed Plaintiff to ongoing health concerns." *Id.* at 4.

His condition was identified as chronic around September 2015, and Townsend began to "vocalize[] and express[] a wanting to be treated for the Hepatitis C Virus." *Id.* at 5. Lisa Soileau, a registered nurse, "received assignment to review Plaintiff's medical files and records to immunize Plaintiff for Hepatitis C virus." *Id.* She immunized him with a Hepatitis B vaccination in April and October 2016 and discussed treatment for his Hepatitis C, but Townsend received no treatment for that condition. *Id.* at 8. On or about April 5, 2018, his infection was "upgraded to Hepatitis C Cirrhosis[,] early stage of liver damage[,] and contration [*sic*] to cancer of the liver." *Id.* at 5. At this time a physician, Kenneth Russell, ordered "immediate scheduling and work-up for Hepatitis C Virus treatment." *Id.*

Townsend asserts that he pursued administrative remedies by filing a tort claim with the BOP on June 2, 2017, and that this claim was denied on February 28, 2018. Doc. 1, p. 17. He then filed suit in this court against Thomas, Soileau, FCIO physician Joel Alexandre, and "Unidentified Staff" on or about June 25, 2018. Thomas and Soileau, the only defendants served in this matter, now move to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) on the basis that Townsend's claims have prescribed and that he otherwise fails to state a claim on which relief can be granted under *Bivens*. Doc. 33, att. 1. Townsend opposes the motion. Doc. 36.

## II.
### LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice,

including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Where matters outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), the court "has complete discretion to either accept or exclude the evidence." *Gen. Retail Svcs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 (5th Cir. 1988)); *see* Fed. R. Civ. P. 12(d). In response to the motion Townsend has submitted, among other exhibits, medical records relating to the care he received at FCIO. The court finds these exhibits necessary to flesh out the allegations made in Townsend's pro se complaint and will therefore review the motion, with all competent summary judgment evidence presented, as one for summary judgment.

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*,

896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
#### APPLICATION

Townsend brings suit under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971) and its progeny, which provide an implied cause of action for those injured by certain constitutional violations committed by federal employees acting in their official capacities. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854–55 (2017). His claims, which relate to denial/delay of medical care, arise under the Eighth Amendment's prohibition on cruel and unusual punishment. *See Easter v. Powell*, 467 F.3d 459, 462–63 (5th Cir. 2006); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). The defendants assert that Townsend's claims against them are barred by the applicable statute of limitations and by the doctrine of qualified immunity. Doc. 33, att. 1, pp. 4–7. They also assert that the *Bivens* claim against defendant Thomas should be dismissed because Townsend fails to make any allegations of wrongdoing against her. *Id.* at 7–8. Because a finding of prescription would inure to the benefit of the unserved defendants in this matter, the court first considers this basis for dismissal.

### A. *Statute of Limitations*

*Bivens* claims borrow their statute of limitations from the forum state's statute of limitations governing personal injury claims. *E.g.*, *Daniel v. Zanier*, 2015 WL 5015897, at *1 (W.D. La. Aug. 21, 2015) (citing *Price v. City of San Antonio, TX*, 431 F.3d 890, 892 (5th Cir. 2005)). In Louisiana that period is one year. La. Civ. Code art. 3492. In applying this limitations period, the court must also give effect to any state tolling provisions. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). However, the accrual of a *Bivens* claim is governed by federal law. *Banks v. FDIC*, 374 F. App'x 532, 535 (5th Cir. 2010) (unpublished) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski*, 237 F.3d at 576. The limitations period is tolled, however, while the prisoner exhausts his administrative remedies. *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)).

The defendants assert that Townsend's claim is time-barred because he had notice of his injury by September 15, 2015, when his condition was diagnosed as chronic and Townsend began requesting treatment. Doc. 33, att. 1, pp. 4–5. Townsend maintains that his claims represent a continuing tort involving denials of care up until April 2018, when he was diagnosed with further complications and Russell ordered immediate treatment. Doc. 36, pp. 3–5; *see* doc. 11, p. 5. Accordingly, he argues, he filed this complaint well within the limitations period.

"The continuing-tort doctrine is one of accrual and thus a question of federal, rather than state, law." *Nottingham v. Richardson*, 499 F. App'x 368, 375 & n. 5 (5th Cir. 2012). "[A] claim for a 'continuing tort' does not accrue until the tort has ceased." *Id.* at 375 (citing *Lavellee v. Listi*,

611 F.2d 1129, 1132 (5th Cir. 1980)). The doctrine may apply when "the individual suffers an ongoing and persistent injury, rather than a series of discrete injuries." *Matthews v. Fleming*, 287 F. App'x 296, 298 (5th Cir. 2008). On a complaint of inadequate medical care, however, "each instance of potentially deliberate indifference [ceases] when [the plaintiff receives] medical attention." *Nottingham*, 499 F. App'x at 375.

Townsend's contention that his claim did not accrue until April 2018 is belied by the fact that he admittedly sought administrative remedies relating to his treatment on June 2, 2017. This contention, unchallenged by the defendants, would mean that the limitations period on his complaint was tolled until February 28, 2018. He then filed suit in this court on June 25, 2018, meaning that just under four months accrued against the limitations period during that time. Accordingly, defendants must show that Townsend had knowledge of his claims by October 2016, eight months prior to the time he began seeking administrative remedies, in order to show that the claims have prescribed. The court finds no reason to credit their allegation that Townsend was aware of his claim from the time his condition was diagnosed as chronic in September 2015, as it is primarily the alleged denial of treatment after that time that forms the basis of Townsend's suit. Nor do defendants point to any particular event between that point and when Townsend began pursuing his administrative remedies, which should have alerted him to any injury caused by the alleged denial of care. Likewise, the court finds nothing in the record to suggest that sufficient care was provided in order to reset the tolling period and render the claim one based on discrete denials of medical care. The date of accrual for Townsend's claim is therefore unclear and defendants fail to carry their burden of showing prescription.

### B. *Qualified Immunity*

Soileau and Thomas next argue that the claims against them should be dismissed because they are entitled to qualified immunity. Doc. 33, att. 1, pp. 5–7. The doctrine of qualified immunity shields a government actor from liability "unless [he] violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (quoting *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012)). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S.Ct. 3, 5 (2013) (quotations and citations omitted).

Qualified immunity is evaluated through a two-step process, with the burden remaining on the plaintiff to show that the government defendant is not entitled to its protection. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). The court first determines whether, viewing the summary judgment evidence in a light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). If such a violation occurred, the court then considers "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* at 411.

Townsend alleges violations of the Eighth Amendment based on denials/delay of medical treatment. Soileau and Thomas assert that there was no constitutional violation to begin with, accepting the allegations in Townsend's complaint as true. They have not filed any reply to the summary judgment evidence submitted by Townsend in his response. Accordingly, the court considers Townsend's record and allegations, to the extent they are consistent with each other, in order to determine whether any constitutional violation was committed.

The prohibition on cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate medical care" and to avoid the "unnecessary and wanton infliction of pain." *Easter*, 467 F.3d at 463 (cleaned up). Deliberate indifference to a prisoner's serious medical needs by prison officials violates the Eighth Amendment and therefore gives rise to a claim under *Bivens*. *Estelle v. Gamble*, 97 S.Ct. 285, 291–92 (1976). Under this theory, a prison official is not liable unless he both knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977–79 (1994). Deliberate indifference "is an extremely high standard to meet" and "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (internal quotations omitted). Thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton*, 122 F.3d at 291. To show deliberate indifference, a prisoner must demonstrate that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.*

Thompson's complaint centers on denials of treatment for his Hepatitis C, from the time it was diagnosed as chronic in September 2015 until he was diagnosed with complications/progression of that disease in April 2018. His records show that his condition was known to FCIO medical staff and it appears that he was monitored with imaging and laboratory tests during this time. *See* doc. 36, att. 1, pp. 4–9. However, the records show no treatment for his condition until July 2018. *Id.* at 10–14. The records of his clinical encounters likewise show that

he requested treatment for his Hepatitis C from 2015 onward, but do not indicate that he received anything other than monitoring until April 2018, when Thomas recorded that "treatment for Hep C has been approved but has been on hold pending GI work up." *Id.* at 21; *see generally id.* at 15–23. At the preceding encounter, in July 2017, Thomas recorded that she would "order labs and refer for Hepatitis C treatment." *Id.* at 20. In a September 2015 encounter, she likewise recorded his request for treatment and stated that she would "order labs and re-calculate APRI score" and "forward encounter to MD for possible treatment." *Id.* at 17. Likewise, at an encounter in August 2017 Soileau provided counseling on Hepatitis C and scheduled a follow-up "on submission or Hepatitis C treatment" for the following month. *Id.* at 28–29. She also recorded, at a January 2018 encounter, that his Hepatitis C treatment would be "on hold until the completion of his anemia work-up . . . as well as his colonoscopy." *Id.*  30.

The evidence and allegations provide possible grounds for finding fault with decisionmakers in Townsend's case, based on the repeated referrals for treatment, lack of recorded response thereto, and eventual worsening of his condition. They do not, however, provide any basis for finding that Thomas or Soileau behaved negligently, much less with deliberate indifference, in their roles. The record instead shows that Thomas referred each request for treatment, as supported by the lab work performed during this time, but that any decisions regarding treatment were in the hands of other providers.

Townsend fails to carry his burden of showing that a constitutional violation was committed by either defendant. Thomas and Soileau are therefore entitled to qualified immunity, and the motion to dismiss should be granted. This recommendation, however, has no bearing on other defendants named in this matter. Because these defendants have not been served, however, the court has issued a notice of intent to dismiss same.

## IV.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 33] be **GRANTED** and that all claims against defendants Soileau and Thomas be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE