UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID TOWNSEND** | : | **DOCKET NO. 18-cv-0842** |
| REG. # 48480-019 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOEL ALEXANDRE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is the second amended civil rights complaint [doc. 47], filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff David Townsend, who is proceeding pro se and in forma pauperis in this matter. Townsend is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana.

**I.**
**BACKGROUND**

Following an initial review of his original and first amended complaints [docs. 1, 11], service was ordered upon the three named defendants, Joel Alexandre, Mary Thomas and Lisa Soileau [doc. 12]. Plaintiff was also notified that he may request additional service packets for the unidentified defendants listed in his complaints if and when he uncovered their identities. Doc. 12, p. 2, footnote 1.

On June 28, 2019, plaintiff filed a second amended complaint, naming the following new defendants: Jeffery D. Allen, Chris A. Bina, Hugh Hurwitz, "Unidentified Staff" of the Federal

-1-

Prison Health Services, "Unidentified Staff" of the Bureau of Prisons South Central Regional Health Services, and the Federal Bureau of Prisons ("BOP") [doc. 47].

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Townsend has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

In his second amended complaint, plaintiff attempts to sue the BOP and various BOP officials, including Hugh Hurwitz, then Director of the BOP, Jeffery D. Allen, Medical Director of Bureau of Prisons South Central Regional Office, and Chris A. Bina, Acting Assistant Medical Director Bureau of Prisons South Central Regional Office, as well as "Unidentified Staff" of the Federal Prison Health Services and "Unidentified Staff" of the Bureau of Prisons South Central Regional Health Services, for monetary damages. Federal law provides a cause of action against

any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[1] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

A federal agency is immune from an action predicated on *Bivens*. *F.D.I.C. v. Meyer*, 114 S. Ct. 996, (1994) (holding that "[s]overeign immunity is jurisdictional in nature" and that a *Bivens* cause of action cannot be brought against a federal agency); *Pinson v. Fed. Bureau of Prisons*, 647 F. App'x 375, 376 (5th Cir. 2016) (concluding the BOP was entitled to sovereign immunity). In addition, claims for monetary damages against federal employees in an official capacity based upon allegations of constitutional violations are barred by the doctrine of sovereign immunity because they are considered as the actions of the federal agencies by whom they are employed. *See Kentucky v. Graham*, 105 S. Ct. 3099 (1985).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable

---

[1] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

A complaint under *Bivens* is the federal counterpart of a § 1983 claim. " In effect, it extends the protections afforded by § 1983. *Abate v. Southern Pac. Transp. Co*., 993 F.2d 107 (5th Cir. 1993). As such a *Bivens* plaintiff may not apply principles of respondeat superior. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *Bivens* does not extend to suits based on supervisory liability. See *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir.1980).

Plaintiff has not alleged or proffered proof of any explicit waiver of immunity by the BOP. Absent a waiver of sovereign immunity, the Court must dismiss plaintiff's *Bivens* claims against the BOP and Hugh Hurwtiz, named in his official capacity as then Director of the BOP, for lack of jurisdiction. *See Gibson v. Fed. Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004) (sovereign immunity barred claims against the United States, the BOP, or BOP officers in their official capacities). Plaintiff makes no allegations of personal involvement on the part of Hugh Hurwtiz. His complaint alleges that Hurwitz delegated authority to the BOP South Central Regional Office, where decisions were made regarding his treatment. See Doc. 47, pp. 18-19, ¶¶¶ 49, 50, 51.

Finally, Townsend's claims as presented cannot go forward against the "Unidentified Staff" of the Federal Prison Health Services or the "Unidentified Staff" of the Bureau of Prisons South Central Regional Health Services. A defendant is not proper if it lacks capacity to be sued

as required under Fed. R. Civ. P. 17(b). Townsend was given the opportunity to uncover the identities of the unidentified staff named in his original and first amended complaints. Doc. 12, p. 2, footnote 1. He did so, naming Jeffery Allen and Chris Bina, discussed above[2]. However, without the identity of the additional medical staff, or some reasonable expectation that Townsend can obtain their identities at this time, over one year after suit was originally filed, he has failed to name a proper party with determinable capacity to be sued and will be unable to execute service. Therefore, the claims against "Unidentified Staff" of the Federal Prison Health Services and "Unidentified Staff" of the Bureau of Prisons South Central Regional Health Services should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against the Federal Bureau of Prisons and Hugh Hurwitz are **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that all claims against "Unidentified Staff" of the Federal Prison Health Services and "Unidentified Staff" of the Bureau of Prisons South Central Regional Health Services be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff be ordered to seek leave of Court prior to filing any additional complaints in this matter.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

---

[2] Claims against Allen and Bina will be addressed in a separate Order.

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

  THUS DONE this 25th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE